CHANGCHUN PILKINGTON SAFETY GLASS CO., LTD., *ET AL.*, Plaintiffs, v. UNITED STATES, Defendant, and PPG INDUSTRIES, INC., *ET AL.*, Deft.-Ints.

Consol. Court No. 02–00312

## JUDGMENT

EATON, Judge: Before the court are the Final Results of Redetermination Pursuant to Court Remand ("Fourth Remand Results") in *Fuyao Glass Industry Group Co. v. United States*, Consol. Court No. 02–00282[1] (Orders of Nov. 2, 2006 & Dec. 19, 2006) (*"Fuyao IV"*); the comments of Shenzhen CSG Autoglass Co., Ltd. ("CSG"), the successor company to plaintiff Benxun Automotive Glass Co., Ltd. ("Benxun"); the comments of plaintiffs Changchun Pilkington Safety Glass Co., Ltd., Guilin Pilkington Safety Glass Co., Ltd. and Wuhan Yaohua Pilkington Safety Glass Co., Ltd. ("Pilkington Plaintiffs"); and the United States' response to CSG's and the Pilkington Plaintiffs' comments.

In *Fuyao IV*, the court remanded this matter to the United States Department of Commerce ("Commerce") for the purpose of devising a reasonable methodology to calculate an antidumping margin for the Pilkington Plaintiffs and Benxun, taking into consideration the zero margins assigned to Fuyao and Xinyi. *See* Order of 12/19/06.

On remand, Commerce identified the control numbers ("CONNUMs")[2] shared by the Pilkington Plaintiffs, Benxun, Fuyao and

---

[1] On January 8, 2007, the court severed Court Nos. 02–00282 and 02–00321 from the consolidated action, and designated Court No. 03–00312 as the lead case, under which Court No. 02–319 and Court No. 02–00320 were consolidated.

[2] Commerce defined a CONNUM as a products's unique combination of physical characteristics. See Fourth Remand Results at 6.

Xinyi, as reported in their questionnaire responses, and "impute[d] Fuyao's and Xinyi's CONNUM-specific margins to the matching CONNUMs of [the Pilkington Plaintiffs] and Benxun." Fourth Remand Results at 8. Commerce then weight-averaged those CONNUM-specific margins, which resulted in the *de minimis* antidumping margin of 1.47 percent for the Pilkington Plaintiffs and Benxun. Neither the Pilkington Plaintiffs nor CSG contest the Fourth Remand Results.

In light of the foregoing, and Commerce having duly complied with the court's directive in *Fuyao IV*, it is hereby

ORDERED that the Fourth Remand Results are sustained.